UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DELIA SIENNA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00537-WWE |
| | : | |
| SARAH ALICEA, | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an equal protection action by plaintiff Delia Sienna against defendant Sarah Alicea. Plaintiff is a female who resides in Rocky Hill, Connecticut. Defendant is a police officer with the Cromwell Police Department who responded to a domestic disturbance call at plaintiff's residence. Plaintiff alleges that although both she and her husband had participated in the verbal and physical altercation that precipitated defendant's arrival, defendant arrested only plaintiff. Plaintiff contends that she was deprived of her right to equal protection because of her gender.

Defendant has moved for summary judgment. For the following reasons, defendant's motion will be granted.

### DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

1

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Plaintiff's Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To establish a gender-based equal protection claim under the Fourteenth Amendment, plaintiff must show intentional discrimination on the basis of gender. See Dutko v. Lofthouse, 549 F.Supp. 2d 187, 191 (D. Conn. 2008).

Defendant argues that plaintiff's equal protection claim should fail as a matter of law because plaintiff has not demonstrated that gender played a role in her arrest. Indeed, plaintiff's own responses to defendant's interrogatories indicate that her husband's friendship with defendant was the underlying reason for any perceived mistreatment. When asked to state the

2

facts upon which she based her contention that Officer Alicea had discriminated against her because of her gender, plaintiff responded:

> Officer Alicea had and has an implied and pledged loyalty and friendship to my husband Nicholas Sienna as well as his close friends and relatives of the Cromwell Police Department.

At deposition, plaintiff recalled her husband telling her:

> [Y]ou don't even know; I'm friends with all the cops; no one's ever gonna get me; they're all my friends, my dad's friends; you'll never win.

Plaintiff affirmed that her husband had repeatedly made statements about his friendship with officers, particularly Officer Alicea.

Nevertheless, this case is not about unfair friendship-based bias; it is about alleged unlawful gender bias. Yet plaintiff has presented no evidence that she was denied equal treatment based on her gender. Merely holding a sincere belief that one's gender played a role in an arresting officer's decision-making, without more, is not sufficient – especially in cases of domestic violence – where any asymmetrical action by the police is susceptible to attack. Such conclusory allegations of discrimination without evidentiary support do not establish a valid claim. See Rivera-Powell v. New York City Bd. Of Elections, 470 F.3d 458, 470 (2d Cir. 2006).

Moreover, plaintiff and her husband are not similarly situated for purposes of equal protection analysis. Witnesses at the scene corroborated the husband's account of events, including that plaintiff threw a bottle at him and struck him in the face with her hand, and that he did not reciprocate. Conversely, testimony by witnesses, including plaintiff's daughter, contradicts plaintiff's version of events. Accordingly, a reasonable police officer in defendant's position could have drawn legitimate distinctions between the conduct of plaintiff and that of her husband. See Okin v. Village of Cornwall-On-Hudson Police Dept., 577 F.3d 415, 439 (2d Cir. 2009) ("Any equal protection claim is grounded on a comparison between treatment the state

3

gives similarly situated individuals."). As plaintiff has failed to raise a genuine dispute as to whether defendant denied her equal protection of the law, defendant's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [ECF No. 24] is GRANTED. The Clerk is instructed to close this case.

Dated this 22nd day of August, 2017, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE